UNITED STATES DIRSTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X   Docket No.: 1:23-cv-10003
ALEJANDRO TAVERAS ROSARIO,

                        Plaintiff,

  -against-

                                                        **STIPULATED**
                                                        **CONFIDENTIALITY**
                                                        **AGREEMENT**
FEDERAL EXPRESS, CORP., and WYATT C.      **AND PROTECTIVE ORDER**
CLESTON,

                        Defendants.
------------------------------------------------------------X
PAUL A. ENGELAMYER, District Judge:

      WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that is Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

      WHEREAS, the Parties, through counsel, agree to the following terms; and

      WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

      IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees and attorneys, any other person in active concert or participation with any of the foregoing and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

**I.   DEFINITIONS**

A.   "Confidential Information" means information designated as "CONFIDENTIAL," "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER", or using similar language,

      that falls within one or more of the following categories: (i) commercial and business information including but not limited to financial information, business and marketing strategy, regulatory compliance and communications, company policies and procedures, and similar information (ii) employee records and personal identity information; (iii) information that reveals trade secrets or other confidential research, evaluation, development or other similar commercial or technical information, (iv) insurance policies and insurance policy declaration pages, (v) or material that solely involves non-parties. In construing the scope of what constitutes "Confidential Information" as defined herein, reference is to be made to applicable case law regarding confidential or protected material.

B.    "Document" means all written, recorded, or graphic material, whether produced or created by a party or another person, and whether produced pursuant to subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain Confidential Information may be designated under this Order, but, to the extent feasible, shall be prepared in such a manner that the Confidential Information is bound separately from that not entitled to protection.

C.    "Producing Party" means the party that produced the Confidential Information.

## II. DESIGNATION

A.    A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL," "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or similar language on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or

descriptions that contain the Confidential Information. The marking ""CONFIDENTIAL," "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or similar language shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL," "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or similar language to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL," "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or similar language shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

B. The designation of a document as Confidential Information is a certification by an attorney that the document contains Confidential Information as defined in this order.

### III. NON-DISCLOSURE OF DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION

A. Except with the prior written consent of the Producing Party, or as provided in this Order, Confidential Information may not be disclosed to any person.

B. A Producing Party may, in its discretion, disclose its Confidential Information to any person.

C. Confidential Information may be disclosed to:

(1) The parties, including all employees, agents, third party administrators, insurers and investigators, as well as counsel for the parties in this action, including the partners,

103325182

        associates, "contract attorneys," secretaries, paralegal assistants, and employees of such counsel, to the extent reasonably necessary to render professional services in the litigation.[1]

    (2)    Judges, court reporters, court personnel, or videographers present at trial, hearings, arguments, or depositions held in this matter.

    (3)    Other persons who may be designated by written consent of the Producing Party or pursuant to a court order.

D.    Subject to sub-paragraph E, Confidential Information may also be disclosed to:

    (1)    Persons noticed for depositions or designated as trial witnesses, to the extent reasonably necessary to prepare such persons to testify;

    (2)    Consultants or experts retained for the purpose of assisting counsel of record in this action; and

    (3)    Third-party contractors retained for the purpose of organizing, filing, coding, converting, storing, or retrieving data or designing database programs for handling Documents.

E.    Before disclosing Confidential Information to any person pursuant to paragraph D, the party proposing such disclosure shall show a copy of this Order to such person, and he/she shall sign the Undertaking attached as Exhibit 1.

F.    Before disclosing Confidential Information pursuant to paragraph D to any person who is a competitor (or an employee of a competitor) of the Producing Party, the party proposing

---

[1] If the confidential documents contain highly sensitive trade secrets, business information, or other highly sensitive competitive or confidential information and disclosure to another party would result in demonstrable harm to the disclosing party, then the parties may stipulate or move for the establishment of an additional category of protection (e.g., Attorneys' Eyes Only) that prohibits disclosure of such documents or information to that category or that limits disclosure only to specifically designated in-house counsel or party representative(s) whose assistance is reasonably necessary to the conduct of the litigation and who agree to be bound by the terms of the Order.

103325182

        to make such disclosure shall give at least twenty-one (21) days advance notice in writing, which shall identify the person(s) to whom the disclosure will be made and a detailed explanation of why disclosure to such person(s) is necessary, to counsel for the Producing Party. If, within fourteen (14) days, after receiving advanced notice, the Producing Party objects in writing to the proposed disclosure, disclosure, shall not be made until the parties have resolved the matter or the court has ruled on it.

G.     A recipient of Confidential Information shall exercise due care to restrict access to those persons described in III.C(1). Any summary, copy of, or excerpt of Confidential Information shall be subject to this Order to the same extent as the Confidential Information from which it was derived, and must be labeled as "CONFIDENTIAL," or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER". A recipient shall not duplicate any Document designated as Confidential Information or excerpt therefrom except for use as working copies and for filing in court.

**IV.    DECLASSIFICATION OF CONFIDENTIAL INFORMATION**

        A party may challenge, by motion, the propriety of a confidential designation at any time within 90 days of the production of the Confidential Information. If a Document is declassified either by agreement of the parties or by a court order, the terms of this Order will no longer apply to future handling or production or dissemination of declassified Documents.

**IV.    CONFIDENTIAL INFORMATION IN DEPOSITIONS**

A.     A deponent, other than a current employee of the Producing Party, shall be shown a copy of this Order and shall be asked to sign the undertaking attached as Exhibit 1 before being shown or examined about Confidential Information, except that any deponent may be shown and examined about Confidential Information or other Documents without being

shown this Order and being asked to sign the undertaking if the Document reflects that the deponent was the author or recipient. Regardless of whether a deponent signs the undertaking, this Order shall apply to any deponent who is shown or examined about Confidential Information.

B. Parties and deponents, may, within 45 days after receiving the deposition transcript from the court reporter, designate pages of the transcript (and exhibits thereto) as Confidential Information by underlining or otherwise designating the portions of the pages that are confidential. The parties and the court reporter shall thereafter mark such pages in all copies of the transcript with the following legend, "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER." Upon expiration of the 45-day period, the entire deposition will be treated as subject to this Order. If the deposition transcript is filed and a timely designation made, the confidential portions and exhibits shall be filed under seal.

## V. SUBPOENA FOR STAMPED CONFIDENTIAL DOCUMENTS

If Documents containing Confidential Information are subpoenaed by any person, court, administrative or legislative body, the party to whom the subpoena is directed shall not, to the extent permitted by applicable law, provide or otherwise disclose such Documents or information until twenty-one (21) days after giving counsel for the Producing Party notice in writing of the subpoena, accompanied by a copy of the subpoena. If the Producing Party objects to the subpoena, the party to whom the subpoena is directed agrees not to produce Documents in response to it until the resolution of the objection by the appropriate court.

## VI. FILING AND USE OF CONFIDENTIAL INFORMATION FOR PRETRIAL PURPOSES

A.  Documents containing Confidential Information shall be filed under seal and shall remain sealed in the Clerk's office so long as they retain their status as Confidential Information.

B.  To the extent that any party wishes to use Confidential Information during a hearing in this action, such party agrees to notify the Producing Party and the court at least fourteen (14) days in advance of the hearing so that the hearing can be conducting *in camera*, and agrees to submit any Confidential Information to the court for its *in camera* inspection. In the event that, during any hearing in which a party submits Confidential Information, the court cannot ensure the continued confidentiality of such information, or any party or person objects to the procedures set forth in this paragraph, the parties agree to the entry of a temporary sealing order until a motion to seal court records permanently is filed and ruled upon. Any transcript of an *in camera* hearing shall be treated as confidential pursuant to this Order.

## VII. USE OF CONFIDENTIAL INFORMATION AT TRIAL

Use of Confidential Information at trial shall be determined by subsequent agreement of the parties or an order of court.

## VIII. PROPER USE OF CONFIDENTIAL INFORMATION

Persons obtaining access to Confidential Information pursuant to this Order shall use the information for preparation and trial of this litigation only – including appeals and retrials – and shall not use such information for any other purpose, including for other litigation or for business, governmental, commercial, or administrative or judicial proceedings. Should any Person wish to attach a Document containing Confidential Information to a Pleading or any like document to be filed of record or served in this case, it must first be brought to the attention of the court that the documents must be filed under seal.

### IX. NON-TERMINATION

The provisions of this Order shall not terminate at the conclusion of this action. Within 120 days after final conclusion of all aspects of this litigation, all Documents and all copies of same (other than exhibits of record), shall be returned to the party or person which produced such documents or, at the option of the Producing Party, destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Producing party not more than 150 days after final termination of this litigation.

### X. MODIFICATION PERMITTED

Nothing in this Order shall prevent any party or other person from objecting to discovery that it believes to be otherwise improper or from seeking modification of this Order, including further provisions for categories of Documents requiring heightened protection.

### XI. INADVERTENT DISCLOSURE

A. Any inadvertent disclosure of confidential, proprietary, or privileged material will not be construed as a waiver, in whole or in part, of (1) the Producing Party's claims of confidentiality or privilege either as to the specific information inadvertently or unintentionally disclosed or more generally as to the subject matter of the information disclosed, or (2) the party's right to designate the material as confidential pursuant to this Order. A written representation by counsel for the Producing Party that the disclosure was inadvertent shall be deemed prima facie evidence of that fact.

B. The Producing Party shall promptly notify the other party of an inadvertent disclosure following discovery of the inadvertent production, and that other party (i) shall in the case of a privileged Document, return the inadvertently disclosed Document forthwith, as well as any and all copies; or (ii) in the case of a confidential, proprietary Document, shall mark

103325182

it and all copies, "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER." In the event that the other party cannot comply with these requirements – because, for example, the inadvertently produced Document has been given to a third party – the other party shall provide the Producing Party with the name, address, and telephone number of such person(s) as well as the date of and reason for the transmission of the Document.

C. Notice of inadvertent disclosure shall apply to all copies of the Document inadvertently disclosed including Documents inadvertently produced in cases other than the above captioned case (such that inadvertent disclosure of a confidential or privileged Document in another jurisdiction shall not constitute a waiver of privilege under this Order).

*[signatures on following page]*

103325182

**STIPULATED AND AGREED TO BY:**

By: _____*Michelle Jean-Jacques*_____   DATED: 2/16/24
HARMON, LINDER & ROGOWSKY, ESQS.
Attorneys for Plaintiff(s)
3 Park Avenue, Suite 2300
New York, NY 10016

By: _____   DATED: 2/20/24
ATTORNEY FOR DEFENDANTS
MORRISON MAHONEY LLP
Wall Street Plaza
88 Pine Street, Suite 1900
New York, New York 10005

SO ORDERED.

Dated: February 21, 2024
New York, New York

_____*Paul A. Engelmayer*_____
PAUL A. ENGELMAYER
United States District Judge

103325182